# In the United States Court of Federal Claims

THEMBA BERNARD SANGANZA,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 22–cv–836

Filed: January 31, 2023

*Themba Bernard Sanganza*, White Deer, Pennsylvania, Plaintiff, appearing *pro se*.

*Augustus Jeffrey Golden*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., appearing for Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Themba Bernard Sanganza, proceeding *pro se*, brings this action against the United States for unjust conviction and imprisonment under 28 U.S.C. § 1495. *See* Complaint (ECF No. 1) (Compl.) at 1–2; *see id.* Ex. 1 at 122.[1] Plaintiff also appears to bring other claims related to his conviction and imprisonment, including for negligence, breach of fiduciary duty, and violations of his constitutional rights. Compl. at 1, 5. Presently before the Court is Defendant United States' Motion to Dismiss the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (Rule(s)). *See* Defendant's Motion to Dismiss (ECF No. 8) (Mot.). Defendant argues this Court lacks subject matter jurisdiction over Plaintiff's

---

[1] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

Complaint or, in the alternative, that Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Mot. at 1.  This Court agrees with Defendant that this Court lacks subject matter jurisdiction over Plaintiff's claims.  Accordingly, and for the reasons explained below, this Court **GRANTS** Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(h)(3).

## BACKGROUND

In 2016, Plaintiff was indicted for fraud in the U.S. District Court for the Eastern District of Virginia.  *See United States v. Sanganza*, No. 4:16–cr–00050, ECF No. 18 (E.D. Va. Aug. 9, 2016).[2]  Plaintiff ultimately pleaded guilty to mail fraud (18 U.S.C. § 1341), bank fraud (18 U.S.C. § 1344), and aggravated identity theft (18 U.S.C. § 1028A), based on fraudulent federal income tax returns and other fraudulent schemes.  *See id.*, ECF Nos. 28 (Plea Agreement), 29 (Statement of Facts).  Plaintiff was sentenced to 168 months imprisonment and remains imprisoned.  *See id.*, ECF No. 78; *see also* Compl. at 1 (Plaintiff is "currently being held . . ."); Compl. Ex. 1 at 122 (Plaintiff listing his "Prisoner #" and noting his location as "Allenwood FCI-Medium").

On July 29, 2022, Plaintiff filed his Complaint alleging unjust conviction and imprisonment, and on August 2, 2022, this Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.  Compl.; ECF No. 6.  According to the Complaint, Plaintiff "was abducted at his residen[ce] in Arlington, Virginia" and has been "held in custody in absence of a criminal

---

[2] Plaintiff references his criminal proceeding throughout his Complaint and opposition to Defendant's Motion to Dismiss.  *See* Compl. at 5 (Plaintiff referencing "criminal trial no: 4:16–cr–0050"); Response at 16 ("On September 11, 2017 [U.S. District Judge] Mark S. Davis conspired with the defendants in criminal trial 4:16–CR–0050 to detain the complainant in custody unlawfully.").  In addition to the information referenced in the Complaint, this Court may consider information in the public domain when assessing subject matter jurisdiction.  *See Jarvis v. United States*, No. 2022–1006, 2022 WL 1009728, at *3 (Fed. Cir. Apr. 5, 2022) ("[C]ourts may consider public records when resolving a [12(b)(1)] motion to dismiss."); *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985) ("In deciding . . . a Rule 12(b)(1) motion, the court can consider . . . evidentiary matters outside the pleadings.").

complaint that established [a] basis for probable cause, but rather on an indictment that was never presented to a grand jury to issue charges describing the offense." Compl. at 5. The Complaint alleges Plaintiff "was detained without due executive authority, in absence of territorial jurisdiction, in absence of commercial jurisdiction, in absence of subject matter jurisdiction, upon the basis of case-precedents which are not law, and with conflicts of interest." *Id.* The Complaint states the "seminal documents which justify detention," including "documentary evidence proving that he was detained with requisite authority jurisdiction . . . . simply do not exist in [Plaintiff's] case." *Id.* at 5–6. As a result, the Complaint alleges, Plaintiff "has been deprived of his constitutional and statutory rights" because "the defendants have exercised constitutionally derived powers in such a way that is illegal." *Id.* Plaintiff's Complaint and briefing also cite various other grounds for relief, including negligence, breach of fiduciary duty, violations of the Thirteenth and Fourteenth Amendments, and a taking without just compensation in violation of the Fifth Amendment. *See* Compl. at 1, 5; Plaintiff's Sur-Reply to Defendant's Reply in Support of Defendant's Motion to Dismiss[3] (ECF No. 14) (Sur-Reply) at 3.

Plaintiff requests "a finding of fact and law to establish whether the government even had probable cause to arrest him [or] subject matter jurisdiction over him" and whether the government allegedly withholding critical documents "until after the conviction is a due-process violation." Compl. at 2. Plaintiff also seeks approximately $6 million in nominal, compensatory, and punitive damages. Sur-Reply at 1; Compl. at 3.

To support his allegation of unlawful detention, Plaintiff makes six assertions in his Complaint. *First*, the Complaint alleges that "there is no evidence in the District Court's record

---

[3] Though this Court's Rules do not allow a Sur-Reply to be filed in opposition to a Motion to Dismiss, this Court permitted Plaintiff to file his Sur-Reply by leave of court. *See* Rule 7.2

proving that the respondents had the requisite [United States Constitution Article II] Presidential authority to detain the petitioner."  Compl. Ex. 1 at 2 (alteration in original); *see generally id.* at 1–30.  As a result, Plaintiff argues his "detention was illegal."  *Id.* at 2.  *Second*, the Complaint alleges that Plaintiff's detention "required invasion of his residential State, in areas not owned by the Federal government."  *Id.* at 31.  It further states that, as Defendant allegedly cannot prove "that commencement of the instant 'infraction' occurred on Federal territory, [and] that all of the buildings used to detain and try the petitioner are also Federally owned," Defendant is "subjecting [Plaintiff] to unlawful detention in violation of constitutional due-process."  Compl. Ex. 1 at 31–32; *see generally id.* at 31–69.  *Third*, the Complaint states Plaintiff "was detained Federally without any evidence that his conduct had an aggregate economic impact on either interstate or foreign commerce of the United States of America."  *Id.* at 70.  Accordingly, Plaintiff asserts that he was "deprived of his constitutional and statutory rights."  *Id.*; *see generally id.* at 70–80.

*Fourth*, the Complaint states that documents necessary to support Plaintiff's detention, including a "criminal complaint, indictment, or arrest warrant .  .  . do not exist."  Compl. Ex. 1 at 85.  Therefore, according to the Complaint, Plaintiff's "detention was illegal from the beginning and, therefore, continues to be illegal."  *Id.* at 86; *see generally id.* at 81–93.  *Fifth*, the Complaint alleges that Plaintiff's conviction "was not based upon the Supreme Law of the Land" and was instead "based upon unofficial dicta."  *Id.* at 94.  Plaintiff states that "he is detained upon the basis of 'case precedent' which, in addition to being an illegitimate grounds for detention, plainly contradicts the Constitution."  *Id.*; *see generally id.* at 94–108.  Finally, the Complaint alleges that Plaintiff's detention is unlawful because Defendant purportedly had a financial incentive to detain Plaintiff; Plaintiff asserts "the judge presiding over the case, the prosecutor, the defense attorney(s), and all other court functionaries[]" had "incentives to incarcerate [Plaintiff]

irrespective of legality." *Id.* at 109. That incentive, according to Plaintiff, was a "penal judgment bond" that allegedly enriched "the District Judge; officers of the executive department/branch, including the respondents, the sitting USAG at the time of [Plaintiff's] criminal case, the detaining USAG, the prosecutors, the defense attorney(s), and all other court functionaries." *Id.* at 117; *see generally id.* at 109–21.

Based on the foregoing, allegedly unlawful actions by Defendant, Plaintiff contends he was unjustly convicted and imprisoned by the United States. *See* Compl. at 1; Compl. Ex. 1 at 122; Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 11) (Response) at 1; Sur-Reply at 3. Plaintiff invokes this Court's subject matter jurisdiction under 28 U.S.C. § 1495, which affords the United States Court of Federal Claims jurisdiction "to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495; *see also* Compl. at 1 ("This court has jurisdiction under [28 U.S.C. sect. 1495], to hear this suit.") (alteration in original); Compl. Ex. 1 at 122 ("Unjust convictions and imprisonment by District court[s] are within purview of [28 U.S.C. sect. 1495] . . . .") (alteration in original); Response at 1 ("The [Plaintiff] commenced this civil action against the United States pursuant to the Act of Congress evidenced at [28 U.S.C. section. 1495], seeking damages for unjust imprisonment.") (second alteration in original); Sur-Reply at 3 ("The claims before this Court are for unjust imprisonment. [Plaintiff's] claims are based on substantive rights to money damages against federal government pursuant to [28 U.S.C. § 1495].") (second alteration in original).

Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or, in the alternative, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Mot. at 1. Defendant argues this Court lacks subject matter jurisdiction over

Plaintiff's Section 1495 claim because Plaintiff "failed to plead that his conviction was reversed or that he was provided a pardon on the stated ground of innocence" in compliance with 28 U.S.C. § 2513.  Mot. at 3–5.  Defendant also alternatively argues that even if this Court determines it has subject matter jurisdiction, Plaintiff's Section 1495 allegations "are insufficient to provide him with a plausible claim for relief" under Rule 12(b)(6) because "he has neither had his conviction reversed nor been granted a pardon on the grounds of innocence."  *Id.* at 6.  Defendant further contends this Court lacks subject matter jurisdiction over Plaintiff's various tort, breach of fiduciary duty, and constitutional claims because such claims are not money-mandating or otherwise fall outside this Court's limited jurisdiction.  Mot. at 5 n.3.

## APPLICABLE LEGAL STANDARD

The Tucker Act, 28 U.S.C. § 1491, affords this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, . . . or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States," but it does not create a right to relief itself.  *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *United States v. Mitchell*, 463 U.S. 206, 212, 218 (1983).  To establish a right to relief under the Tucker Act, a "substantive right must be found in some other source of law."  *Mitchell*, 463 U.S. at 216; *see Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself.").  The constitutional, statutory, or regulatory provision must be "fairly . . . interpreted as mandating compensation by the Federal Government for the damage sustained."  *United States v. Testan*, 424 U.S. 392, 400 (1976) (internal quotations omitted)

(quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).  Thus, this Court's jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation."  *Mitchell*, 463 U.S. at 216.

While an unjust conviction and imprisonment claim pursuant to 28 U.S.C. § 1495 invokes a money-mandating statute, a claimant must also comply with 28 U.S.C. § 2513 to establish this Court's subject matter jurisdiction over such a claim.  *See Jackson v. United States*, 162 Fed. Cl. 282, 296–99 (2022); *see also Francis v. United States*, No. 2022–1188, 2022 WL 1655689, at *1 (Fed. Cir. Jan. 26, 2022) (noting plaintiff "could not invoke the [U.S. Court of Federal Claims'] jurisdiction to award money damages for wrongful convictions under 28 U.S.C. § 1495 without having alleged that her conviction had been reversed or that she had been pardoned") (citing 28 U.S.C. § 2513).  Additionally, this Court's jurisdiction does not extend to cases against private parties or government employees in their individual capacities.  *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (United States Court of Federal Claims' limited jurisdiction does not include relief "against others than the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

This Court must dismiss claims outside its subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3).  It is well-established that in deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff."  *Estes Exp. Lines*, 739 F.3d at 692; *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002).  When assessing subject matter jurisdiction, this Court may "consider . . . evidentiary matters outside the pleadings."  *Indium Corp.*

*of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985); *see also Jarvis v. United States*, No. 2022–1006, 2022 WL 1009728, at *3 (Fed. Cir. Apr. 5, 2022) ("[C]ourts may consider public records when resolving a [12(b)(1)] motion to dismiss.").

When considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must "take as true all undisputed facts alleged in the complaint and draw all reasonable inferences based on those allegations." *Vasko v. United States*, 581 F. App'x 894, 897 (Fed. Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  To avoid dismissal under Rule 12(b)(6), the complaint "must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief."  *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).  This Court may consider evidence outside the four corners of the complaint to determine whether a plausible claim for relief exists; under Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."  Rule 10(c).  Thus, on a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court considers "documents incorporated into the complaint by reference."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Rocky Mt. Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (quoting *Tellabs, Inc.*, 551 U.S. at 322).

In considering a motion to dismiss, this Court must liberally construe a complaint filed by a *pro se* plaintiff because *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Although held to a less stringent standard, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction.  *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Reynolds v. Army*

*& Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  While a *pro se* complaint may include ambiguities, *pro se* filing status "does not excuse . . . failures" on the merits.  *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## DISCUSSION

### I.       This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Unjust Conviction Claim

As noted above, Plaintiff asserts an unjust conviction and imprisonment claim pursuant to 28 U.S.C. § 1495.  *See* Compl. at 1; Compl. Ex. 1 at 122; Response at 1; Sur-Reply at 3.  Plaintiff contends he is "currently being held unlawfully and unconstitutionally within a Bureau of Prisons facility" and argues this Court "is an appropriate venue for redress under [28 U.S.C. sect. 1495]."  Compl. at 1–2 (alteration in original).  Defendant counters that this Court lacks subject matter jurisdiction over Plaintiff's Section 1495 claim because the Complaint does not comply with 28 U.S.C. § 2513.  *See* Mot. at 3–5.  Specifically, Defendant argues that "[a]bsent an allegation and accompanying documentation showing a certificate of pardon on the 'stated ground of innocence and unjust conviction,'" as required by Section 2513, "this Court lacks jurisdiction to hear [Plaintiff's] claims."  Mot. at 5 (quoting 28 U.S.C. § 2513(a)(1)).

Sections 1495 and 2513 have an intertwined relationship.  *See Jackson*, 162 Fed. Cl. at 296–99.  The United States Court of Federal Claims has jurisdiction over "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."  28 U.S.C. § 1495.  Section 2513 prescribes what a plaintiff "suing under Section 1495 . . . must allege and prove," including that: (1) plaintiff's previous conviction was reversed or set aside "on the ground that he is not guilty of the offense of which he was convicted" or plaintiff was pardoned "upon the stated ground of innocence and unjust conviction," (2) plaintiff "did not commit any of

9

the acts charged, or his acts . . . constituted no offense against the United States or any State, Territory, or the District of Columbia," and (3) plaintiff did not "by misconduct or neglect" bring about his own prosecution.  28 U.S.C. § 2513(a)(1)–(2).  Such facts must be presented to the Court in a "certificate of the court or pardon," informally termed a "certificate of innocence."  28 U.S.C. § 2513(b); *see Jackson*, 162 Fed. Cl. at 297; *Humphrey v. United States*, 52 Fed. Cl. 593, 596–97 (2002).  The "certificate of the court or pardon" required by Section 2513 "must provide, either explicitly or by factual recitation, that a plaintiff has met the requirements of [S]ection 2513." *Humphrey*, 52 Fed. Cl. at 597.

Satisfying the requirements of Section 2513, including furnishing a compliant certificate of innocence, is a jurisdictional prerequisite for a Section 1495 unjust conviction and imprisonment action.  *See Jackson*, 162 Fed. Cl. at 296–99 (relying on *Grayson v. United States*, 141 Ct. Cl. 866, 1958 WL 100160 (1958)).  "[T]his Court has subject matter jurisdiction over a 28 U.S.C. § 1495 cause of action only if the plaintiff complies with 28 U.S.C. § 2513, including its requirement of a certificate of innocence."  *Jackson*, 162 Fed. Cl. at 299; *see also Grayson*, 141 Ct. Cl. at 866; *Wood v. United States*, 91 Fed. Cl. 569, 577 (2009) ("Accordingly, this court holds that compliance with § 2513, including submission of a certificate of innocence . . . is a prerequisite to the jurisdiction of the Court of Federal Claims."); *Faircloth v. United States*, No. 21–958, 2022 WL 908953, at *4 (Fed. Cl. Mar. 29, 2022) ("[T]he Court finds that a certificate of innocence is a jurisdictional prerequisite under §§ 1495 and 2513.").  Accordingly, this Court lacks subject matter jurisdiction over an unjust conviction and imprisonment claim unless the claimant satisfies the requirements of Section 2513.

Here, Plaintiff did not provide a certificate of innocence, or allege any similar facts that may be construed as compliant with 28 U.S.C. § 2513.  Plaintiff's Complaint does not include or

even reference a "certificate of the court," or any equivalent facts or information, that would satisfy the requirements of Section 2513. *See generally* Compl.  For example, Plaintiff did not allege that his conviction was reversed or set aside; indeed, he is currently imprisoned for the convictions at issue here.  *See* Compl. at 1 (Plaintiff is "currently being held . . ."); Compl. Ex. 1 at 122 (Plaintiff listing his "Prisoner #" and noting his location as "Allenwood FCI-Medium").  Nor did Plaintiff state, likely because he cannot, that he was found not guilty in a subsequent new trial or rehearing. *See* 28 U.S.C. § 2513(a)(1).  Likewise, Plaintiff did not proffer a judicial finding that he did not commit any of the acts charged, or that his acts did not constitute an offense against the United States; nor did Plaintiff provide a certificate or decision stating that he did not by misconduct or neglect cause or bring about his own prosecution.  *Id.* § 2513(a)(2).  Furthermore, it appears that Plaintiff is currently incarcerated at Allenwood FCI Medium, a corrections facility in Pennsylvania.[4]  *See, e.g.*, Compl. at 1 (Plaintiff is "*currently* being held . . .") (emphasis added); Compl. Ex. 1 at 122 (Plaintiff listing his "Prisoner #" and noting his location as "Allenwood FCI-Medium").  "[G]iven that [Plaintiff] is currently incarcerated in a federal prison, it seems likely that his conviction has not been reversed or set aside."  *Castro v. United States*, 364 F. App'x 619, 620 (Fed. Cir. 2010).

Accordingly, Plaintiff's Complaint does not comply with 28 U.S.C. § 2513.  As compliance with 28 U.S.C. § 2513 is a jurisdictional prerequisite to bringing a viable claim under 28 U.S.C. § 1495, this Court lacks subject matter jurisdiction over Plaintiff's unjust conviction and imprisonment claim.  *See Jackson*, 162 Fed. Cl. at 296–302.

---

[4] FCI Allenwood Medium, Federal Bureau of Prisons,
https://www.bop.gov/locations/institutions/alm/ (last visited Jan. 17, 2023).

**II.**          **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Other Claims**

Though the gravamen of Plaintiff's Complaint is an unjust conviction and imprisonment cause of action under 28 U.S.C. § 1495, the Complaint vaguely references other alleged claims for relief.  As *pro se* plaintiffs are held to relaxed pleading standards and "are not expected to frame issues with the precision of a common law pleading," this Court liberally construes and addresses Plaintiff's potential remaining claims.  *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987).  For the reasons discussed below, this Court lacks subject matter jurisdiction over such claims.

Plaintiff contends Defendant is liable for "breach of fiduciary duty and negligence." Compl. at 1.  Negligence is a tort, and it is well-established that the United States Court of Federal Claims "lacks jurisdiction over tort actions against the United States."  *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *see also* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . for liquidated or unliquidated damages in cases not sounding in tort."); *Souders v. S. C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307–08 (Fed. Cir. 2007) (holding that plaintiff's tort claims, including negligence, "are clearly outside the limited jurisdiction of the Court of Federal Claims").

With respect to Plaintiff's breach of fiduciary duty claim, *see* Compl. at 1, 5, the United States is only subject to fiduciary duties that it "specifically accepts by statute or regulation," *Hopi Tribe v. United* States, 782 F.3d 662, 667 (Fed. Cir. 2015), or that are "grounded in a contractually based obligation," *Fairholme Funds, Inc. v. United States*, 26 F.4th 1274, 1296–99 (Fed. Cir. 2022) (internal citations and quotations omitted) (quoting *Cleveland Chair Co. v. United States*, 557 F.2d 244, 246 (Ct. Cl. 1977)).  *See also Grady v. United States*, No. 13–15, 2013 WL 4957344, at *3 (Fed. Cl. July 31, 2013) ("[A] fiduciary duty only arises if it is plain from the relevant statutes or

12

regulations that the government has accepted such a responsibility."). Plaintiff's Complaint does

not identify either a statutory or regulatory foundation or a contractual obligation establishing

Defendant's alleged fiduciary duty to Plaintiff. Though Plaintiff references a "contractual

agreement" allegedly granting Plaintiff "immunity from any further prosecution in the United

States," he does not specify what this alleged agreement is, nor does the record include such an

agreement. Compl. at 5. As there is not an underlying money mandating statute or alleged contract

establishing that Defendant owed a fiduciary duty to Plaintiff, this Court lacks subject matter

jurisdiction over Plaintiff's breach of fiduciary duty claim. *See Schneiter v. United States*, 159

Fed. Cl. 356, 373–74 (2022).

The Complaint also vaguely invokes the United States Constitution and several of its

provisions. For instance, Plaintiff states he is "being held unlawfully and unconstitutionally" and

"has been deprived of his constitutional and statutory rights." Compl. at 1, 5. Plaintiff contends

Defendant is "depriving him of any substantive due process as stipulated for in the Fourteenth

Amendment." Compl. at 2. He further claims Defendant used illegal indictments to detain him

"[i]n violation of the [US Constitution Thirteenth Amendment]." Compl. Ex. 1 at 81 (second

alteration in original). However, the Thirteenth and Fourteenth Amendments are not money

mandating and therefore do not confer subject matter jurisdiction on the United States Court of

Federal Claims. *See Starnes v. United States*, 162 Fed. Cl. 468, 474 (2022) ("It is well-established

that the Thirteenth Amendment does not mandate the payment of money from the United States.");

*Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due

Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of

money and thus do not provide a cause of action under the Tucker Act."); *Humphrey v. United*

*States*, 60 F. App'x 292, 295 (Fed. Cir. 2003) ("Claims against the United States brought under

the 5th, 8th, 13th, and 14th Amendments to the Constitution do not mandate money damages under the circumstances presented here.").  This Court therefore lacks subject matter jurisdiction over Plaintiff's constitutional causes of action.

Plaintiff further alleges a "Fifth Amendment taking clause violation because application of penal bond without plaintiff's permission constitute[s] taking of property in violation of the Constitution."  Sur-Reply at 4.  This claim, however, was raised for the first time in the Sur-Reply.  Because Plaintiff's Fifth Amendment takings claim "was not properly raised" in the Complaint, Plaintiff "waived any claim [he] may have against the government based on such a theory."  *Casa de Cambio Comdiv S.A. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002); *see also Kimble v. United States*, 991 F.3d 1238, 1244 (Fed. Cir. 2021) ("[D]istinct claims are waived if not pled in a complaint.").

Even if this Court were to set aside Plaintiff's waiver of this claim, however, Plaintiff's allegation based on Defendant's "application of penal bond without plaintiff's permission" is not a valid Fifth Amendment taking claim.  Though Plaintiff's reference to a "penal bond" is far from clear, Plaintiff is presumably describing property forfeited or otherwise taken by the United States as part of his criminal conviction.  *See, e.g.*, *United States v. Sanganza*, No. 4:16–cr–00050, ECF Nos. 80, 82 (E.D. Va. Sept. 11, 2017) (ordering Plaintiff pay restitution and ordering forfeiture).  However, "when property has been seized pursuant to the criminal laws . . . such deprivations are not 'takings' for which the owner is entitled to compensation."  *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006).  Therefore, to the extent Defendant lawfully seized Plaintiff's property in connection with his criminal conviction and sentence, that seizure is not a compensable Fifth Amendment taking as a matter of law.  *See id.*; *see also Kaetz v. United States*, 158 Fed. Cl. 422, 430 (2022) (Court of Federal Claims cannot entertain claims under Just

14

Compensation Clause "when they arise from the government's seizure of property in conjunction with a criminal matter"); *Myles v. United States*, No. 2021–1758, 2022 WL 126911, at \*3 (Fed. Cir. Jan. 13, 2022); *Kam-Almaz v. United States*, 682 F.3d 1364, 1371 (Fed. Cir. 2012) ("Our precedent is clear: 'Property seized and retained pursuant to the police power is not taken for a "public use" in the context of the Takings Clause.'") (quoting *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008)).  Plaintiff does not allege a taking outside the context of his criminal proceeding.  *See generally* Complaint; Response; Sur-Reply.  Accordingly, even if Plaintiff's contention of a Fifth Amendment taking was not waived, it would nevertheless still be dismissed pursuant to Rule 12(b)(6) because Plaintiff did not state a claim upon which relief can be granted.  *See Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006) ("The trial court may dismiss *sua sponte* under Rule 12(b)(6) . . . .").

Finally, Plaintiff requests this Court insert itself in the criminal proceedings before the district court.  Plaintiff "respectfully requests this court to make a finding of fact and law to establish whether the government even had probable cause to arrest him" or "subject matter jurisdiction over him."  Compl. at 2.  Plaintiff further seeks a "declaratory judgment . . . to order the Bureau of Prisons to release the plaintiff from custody immediately, thereby terminating his fraudulent sentence, conviction, and probation."  *Id.*  This Court lacks subject matter jurisdiction to entertain any of Plaintiff's requests, as the United States Court of Federal Claims "does not have the authority" to "review any of the judgments of" "federal courts with respect to [Plaintiff's] criminal case."  *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."); *Zakiya v. United States*, 79 Fed. Cl. 231, 234–35 (2007) ("The Court of Federal Claims

does not have the power to review and overturn convictions or to review in detail the facts surrounding a conviction or imprisonment."). Therefore, even liberally construing Plaintiff's Complaint, it is evident that this Court lacks subject matter jurisdiction over such claims or requests for relief.

### CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED** pursuant to Rules 12(b)(1) and 12(h)(3), and Plaintiff's Complaint is **DISMISSED** without leave to replead. This dismissal shall count towards the limitations prescribed by 28 U.S.C. § 1915(g) regarding Plaintiff's ability to proceed *in forma pauperis* in future matters. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962); *Harrison v. United States*, No. 2020–1765, 2020 WL 6482121, at *1 (Fed. Cir. July 21, 2020), *dismissing appeal from* No. 19–1785, 2020 WL 1492211 (Fed. Cl. Mar. 23, 2020); *Kaetz v. United States*, 159 Fed. Cl. 378, 383 n.1 (2022) ("Section 1915(a)(3) applies to both prisoners and nonprisoners."). The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

16